**Nirva AUGUSTIN, Plaintiff–Appellant,**

v.

**The YALE CLUB OF NEW YORK CITY, Defendant–Appellee.**

No. 06–5078–cv.

United States Court of Appeals, Second Circuit.

April 23, 2008.

Antonia Kousoulas, Kousoulas & Associates, P.C., New York, N.Y., for Plaintiff–Appellant.

Diane Krebs, Gordon & Rees LLP, New York, N.Y., for Defendant–Appellee.

Present: Hon. ROBERT A. KATZMANN and Hon. DEBRA A. LIVINGSTON, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.[1]

### SUMMARY ORDER

The plaintiff Nirva Augustin appeals from the judgment entered September 19, 2006, 2006 WL 2690289, granting the defendant Yale Club's motion for summary judgment. We assume the parties' familiarity with the facts, procedural history and specification of issues on appeal.

"We review a district court's grant of summary judgment *de novo.*" *NextG Networks of N.Y., Inc. v. City of New York,* 513 F.3d 49, 52 (2d Cir.2008). In so doing, we construe the record in the light most favorable to the non-moving party, accepting that party's evidence as true and drawing all reasonable inferences in that party's favor. *Gilles v. Repicky,* 511 F.3d 239, 243 (2d Cir.2007). "We will affirm a grant of summary judgment where there is no genuine issue as to any material fact, and where the moving party is entitled to a judgment as a matter of law." *Id.* "Summary judgment is not appropriate where a review of the record reveals sufficient evidence for a rational trier of fact to find in the plaintiff's favor." *Treglia v. Town of Manlius,* 313 F.3d 713, 719 (2d Cir.2002). But "reliance upon conclusory statements or mere allegations is not sufficient to defeat a summary judgment motion." *Davis v. New York,* 316 F.3d 93, 100 (2d Cir.2002).

Augustin, a former waitress at the Yale Club, alleges that she was subjected to a hostile work environment. "A hostile work environment claim requires a showing (1) that the harassment was sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, and (2) that a specific basis exists for imputing the objectionable conduct to the employer." *Alfano v. Costello,* 294 F.3d 365, 373 (2d Cir.2002) (internal quotation marks omitted). The plaintiff must demonstrate that, under the totality of the circumstances, "the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of her employment were thereby altered." *Id.* Moreover, generally the "incidents must be more than 'episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.' " *Id.* at 374 (quoting *Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 149 (2d Cir.1997)). In this case, the allegedly discriminatory and mostly uncorroborated events were infrequent and sporadic, occurring a few times over Augustin's five-year employment at the Club. The worst of the allegations against the Club involve episodes of name-calling, inappropriate behavior by a supervisor, and other perceived slights, which, however regrettable, do not constitute a hostile work environment even if taken as true. *Cf. Schiano v. Quality Payroll Sys., Inc.,* 445 F.3d 597, 607–08 (2d Cir.2006) (reversing district court grant of summary judgment when officer of defendant repeatedly touched plaintiff inappropriately and propositioned her for sex).

---

1. The Honorable J. Garvan Murtha, of the United States District Court for the District of Vermont, sitting by designation.

Augustin also contends that the numerous warnings the Club issued to her and her eventual firing were retaliation for the complaints she had made against her colleagues. In a retaliatory-discharge case, the plaintiff has the initial burden of establishing a prima facie case of discrimination. To meet this burden, a "plaintiff must show: (i) membership in a protected class; (ii) qualifications for the position; (iii) an adverse employment action; and (iv) circumstances surrounding that action giving rise to an inference of discrimination." *Collins v. New York City Transit Auth.*, 305 F.3d 113, 118 (2d Cir.2002). Once the plaintiff has established all of the elements of a prima facie case, the burden shifts to the defendant to offer "a legitimate, non-retaliatory reason for the adverse employment action." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir.2005). Finally, at the third step, "once an employer offers such proof, the presumption of retaliation dissipates and the employee must show that retaliation was a substantial reason for the adverse employment action." *Id.* Assuming *arguendo* that Augustin has established a prima facie case, we affirm the district court on grounds that Augustin has not offered proof such that a rational trier of fact would find that retaliation was a substantial reason for the discharge. She faces the obstacle that an independent arbitrator has already ruled that her termination was justified, and that the Club had treated her fairly throughout her tenure at the Club. We have said that an adverse ruling by a neutral arbitrator will not preclude a Title VII action, but "the Title VII plaintiff, to survive a motion for summary judgment, must present strong evidence that the decision was wrong as a matter of fact—e.g. new evidence not before the tribunal—or that the impartiality of the proceeding was somehow compromised." *Collins*, 305 F.3d at 119. There is no such evidence here. The arbitrator's decision was, in fact, consistent with the overwhelming weight of the evidence that the Club properly responded to and investigated Augustin's complaints, and that her firing was warranted.

We have considered all of Augustin's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.